UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

WILLIAM J. WISOTZKE, JR.,

                    Plaintiff,

                                              DECISION AND ORDER

                                              08-CV-6414L

          v.

ONTARIO COUNTY,
DONALD BRAULT,
GEORGE M. REIBER,

                    Defendants.
_____

      This is an appeal from a decision of United States Bankruptcy Judge John C. Ninfo, II (Dkt. #1, Att. 15). In that decision and order, Judge Ninfo determined that certain real property (the "Property") was not part of the appellant's Chapter 13 bankruptcy estate, because at the time the appellant's bankruptcy petition was filed, title to the Property had been transferred to appellee Ontario County (the "County"). The County now moves to dismiss the appeal (Dkt. #2). For the reasons set forth below, that motion is granted.

## DISCUSSION

      On October 2, 2007, the County commenced an *in rem* foreclosure proceeding to recover delinquent taxes, due since January 1, 2006, on the Property. The Property had been owned by the late parents of appellant John Wisotzke ("debtor"), and was his primary residence at the time of the

foreclosure proceeding. Although the debtor was personally served with the required notices, he did not answer or otherwise act to prevent the foreclosure. January 18, 2008, the final day upon which the debtor could have acted to redeem the Property from foreclosure, expired without any redemption efforts.

On February 29, 2008, the County was granted a default judgment before the foreclosure court by which possession and title to the Property was transferred to the County. It scheduled the Property for auction. The debtor did not move to reopen the default.

On May 14, 2008, just before the auction was to take place, the debtor filed a Chapter 13 bankruptcy petition, listing the Property as an asset. Later that afternoon, the County auctioned off the Property in accordance with the default judgment of foreclosure, and it was purchased by appellee Donald Brault.

On May 16, 2008, the County petitioned the Bankruptcy Court for an order declaring that the Property is not an asset of the debtor's estate pursuant to 11 U.S.C. §541 ("Section 541"). 11 U.S.C. §541(a)(1) (defining "property of the estate" as, inter alia, "all legal or equitable interests of the debtor in property as of the commencement of the case").

On August 14, 2008, the Bankruptcy Court issued the decision appealed from, which found that the default judgment in the *in rem* tax foreclosure proceeding had effected a transfer of title to the Property to the County, and that the debtor's right to the Property expired, at the latest, upon the debtor's last day to move to reopen the default. By operation of N.Y. Real Property Tax Law ("RPTL") §1131, that date fell on or about March 30, 2008, thirty (30) days after entry of the default judgment. Because the debtor never moved to reopen the default within that time, his rights to the

foreclosure proceeding. Although the debtor was personally served with the required notices, he did not answer or otherwise act to prevent the foreclosure. January 18, 2008, the final day upon which the debtor could have acted to redeem the Property from foreclosure, expired without any redemption efforts.

On February 29, 2008, the County was granted a default judgment before the foreclosure court by which possession and title to the Property was transferred to the County. It scheduled the Property for auction. The debtor did not move to reopen the default.

On May 14, 2008, just before the auction was to take place, the debtor filed a Chapter 13 bankruptcy petition, listing the Property as an asset. Later that afternoon, the County auctioned off the Property in accordance with the default judgment of foreclosure, and it was purchased by appellee Donald Brault.

On May 16, 2008, the County petitioned the Bankruptcy Court for an order declaring that the Property is not an asset of the debtor's estate pursuant to 11 U.S.C. §541 ("Section 541"). 11 U.S.C. §541(a)(1) (defining "property of the estate" as, inter alia, "all legal or equitable interests of the debtor in property as of the commencement of the case").

On August 14, 2008, the Bankruptcy Court issued the decision appealed from, which found that the default judgment in the *in rem* tax foreclosure proceeding had effected a transfer of title to the Property to the County, and that the debtor's right to the Property expired, at the latest, upon the debtor's last day to move to reopen the default. By operation of N.Y. Real Property Tax Law ("RPTL") §1131, that date fell on or about March 30, 2008, thirty (30) days after entry of the default judgment. Because the debtor never moved to reopen the default within that time, his rights to the

Property, if any, had long since expired when he filed his Chapter 13 petition on May 14, 2008, and the Property was not part of his bankruptcy estate. This appeal followed.

**I.      Applicable New York State Law**

Initially, appellant argues that the Bankruptcy Court should have deferred to the principle, enumerated in the matter of *In re Rodgers*, 333 F.3d 64 (2d Cir. 2003), that a foreclosure debtor's rights are not extinguished until real property is actually auctioned, regardless of whether a judgment of foreclosure has already been obtained. *See Rodgers*, 333 F3d. 64 at 66 (a foreclosure debtor's rights continue until the foreclosed property is auctioned). Appellant reasons that because a bankruptcy estate consists of all interests owned at the time the petition is filed, and the debtor's petition was filed a few hours before the Property was sold at auction, the Property was therefore part of the estate.

I agree with the Bankruptcy Court that appellant's reliance upon *Rodgers* is misplaced. *Rodgers* arose out of Monroe County, a municipality which opted out of N.Y. RPTL Article 11 and enacted its own mechanisms for collecting delinquent taxes – mechanisms which explicitly provide for an extension of the mortgagor's interests until noon on the day preceding the auction. As such, the *Rodgers* court never considered the impact of N.Y. RPTL §1131, which governs here because Ontario County did not opt out of Article 11. N.Y. RPTL §1131 establishes that a debtor's rights are extinguished *at the time his right to redeem the Property expires*. Thus, the Bankruptcy Court's finding that, based upon N.Y. RPTL §1131, the appellant lost legal and equitable title to the Property by failing to timely redeem it, was not an abuse of discretion.

**II.     11 U.S.C. Section 1322(c)(1)**

Appellant also argues that the Bankruptcy Court committed reversible error when it declined to find that the debtor's right to redeem the Property was extended or resurrected by 11 U.S.C. §1322(c)(1), which provides that a default with respect to a debtor's primary residence may be cured up to such time as "such residence is sold at a foreclosure sale conducted in accordance with nonbankruptcy law . . ." Appellant contends that in this case, the functional equivalent of a Section 1322 mortgage "foreclosure sale" was the public auction of the Property.

Although this issue is one of first impression in this district, I note that one district court in this Circuit has found that Section 1322(c)(1) operates to expand a debtor's state-law rights by tolling, or extending, a bankruptcy debtor's time to rectify a mortgage default on his residence. *See In re Pellegrino*, 284 B.R. 326, 330 (Bankr. D. Conn. 2002) (Section 1322(c)(1) "extend[s] to debtors an ample, uniform federal window for curing a mortgage default, even if that time extends beyond the period provided by state law"). Because Section 1322(c)(1), like nearly all federal statutes, preempts contrary state law, appellant urges that any and all provisions of state law which would provide for a shorter redemption period – including but not limited to N.Y. RPTL §1131 – should be ignored.

The County contends that the debtor's reliance on 11 USC §1322 is unavailing, because the May 14, 2008 auction of the Property did not constitute a "foreclosure sale" within the meaning of that section. Rather, it was a "resale" of the Property which occurred after the County had already acquired possession and title. In so urging, the County notes that N.Y. RPTL §1166, which provides that whenever a "tax district shall become vested with the title to real property by virtue of a foreclosure proceeding" it is authorized to sell it immediately, implicitly establishes that title to a

foreclosed property is transferred to a county "by virtue of a [final judgment in a] foreclosure proceeding," and not by any ensuing auction. N.Y. RPTL §1166(1).

Assuming *arguendo*, as the Bankruptcy Court did, that Section 1322 is not limited to mortgage foreclosure proceedings and may be applied to an *in rem* tax foreclosure proceeding, I find that because the debtor had already been stripped of title to the Property by operation of N.Y. RPTL §1131 and the resulting default judgment, which directed the transfer of possession and title from the debtor to the County (Dkt. #1, Att. 3, Baxter Aff., Exh. F), it would have been impossible for a "foreclosure sale" within the meaning of Section 1322 – that is, a sale which transferred title away from the debtor on the grounds of foreclosure – to have taken place thereafter. *See generally United Companies Financial Corp. v. Brantley*, 6 B.R. 178 (N.D. Fla. 1980) (concluding that applicability of Section 1322(b) depends on whether state law provides that a foreclosure judgment transfers title, or simply awards a sum certain subject to satisfaction through a subsequent auction, since "[c]learly if the mortgage has ceased to exist and has merged into the judgment then it cannot be cured of default").

Appellant urges that even if Section 1322 does not apply, the County still did not acquire title to the Property because the County did not, prior to the auction, comply with N.Y. RPTL §1136, which directs that where a debtor defaults, "[t]he court shall make a final judgment awarding to such tax district the possession of any parcel of real property described in the petition of foreclosure [and] not redeemed . . . [i]n addition thereto such judgment shall contain a direction to the enforcing officer of the tax district to prepare [and record] a deed conveying to such tax district full and complete title to such parcel." N.Y. RPTL §1136(3). Although the default judgment in favor of

Ontario County included the statutory language, it appears that the County, did not, prior to the auction, record a new deed. Judge Ninfo, presuming the cause to be the County's own regulations, which do not provide for the preparation and recording of a new deed until after the foreclosure auction takes place, found that the deviation was justified, and that the recording of a new deed was a ministerial act which did not defeat the foreclosure judgment's transfer of both possession and title to the Property to the County, or otherwise affect the validity of the County's claim of ownership.

I agree with Judge Ninfo that the recording of a new deed pursuant to N.Y. RPTL §1136(3) is a mere ministerial act, and that the County's failure to draft and record a new deed until after the resale of the Property at auction did not affect the validity of the default judgment's explicit transfer of possession and title to the Property to the County.[1] *See* N.Y. RPTL §1131.

I have considered the rest of the arguments raised by the appellant, and find them to be without merit.

---

[1] This holding is consistent with that in *Rodgers*, wherein the Second Circuit noted that the execution and delivery of a deed is not determinative of which party holds title; rather, title passes simultaneously *with the extinguishment of the debtor's right to redeem*, and not when a deed is recorded. *Rodgers*, 333 F.3d 64 at 66-67. Based on this finding, the *Rodgers* court, confronting a mortgage foreclosure scheme which extended redemption rights until approximately the time of auction, concluded that title was not transferred until that time. A different result is compelled here, where by operation of state law, possession and title are transferred, and redemption rights extinguished, by the judgment of foreclosure itself. *See* N.Y. RPTL §§1131, 1136(3).

## CONCLUSION

For the reasons set forth above, I thus conclude that Judge Ninfo's August 14, 2008 Decision and Order, to the extent appealed from, was not an abuse of discretion. The Order appealed from is hereby affirmed, and the appeal is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
      June 23, 2009.